IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNETH KNIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv1084-WHA |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Kenneth Knight, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on December 22, 2019.[1]  Doc. # 2.  In his petition, Knight challenges a conviction and sentence imposed by the United States District Court for the Eastern District of Louisiana.  A review of the docket from Knight's criminal case in the Eastern District of Louisiana indicates that Knight pled guilty in that court in January 2017 to conspiracy to defraud the United States, in violation of 18 U.S.C. § 371.  *United States v. Knight*, Case No. 2:15cr138-BWA-DMD-2 (E.D. La.).  In February 2019, that court sentenced Knight to 60 months in prison.  *Id.*  Knight took no direct appeal.

---

[1] Although Knight's petition was date-stamped as received by this court on December 27, 2019, under the "prison mailbox rule" the petition is deemed to be filed on the date Knight delivered it to prison authorities for mailing, presumptively December 22, 2019, the day Knight represents that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

The instant petition represents the third self-described petition for writ of habeas corpus under § 2241 that Knight has filed in this court challenging the same conspiracy conviction and 60-month sentence imposed by the Eastern District of Louisiana.

<u>Knight's Previous Petitions</u>

In his first self-described § 2241 petition, which Knight filed in this court in July 2019, Knight alleged that the Eastern District of Louisiana lacked jurisdiction over his criminal case because Article III of the U.S. Constitution provided the court with no authority to try his case. *See Knight v. United States*, Civil Action No. 2:19cv547-MHT-CSC (M.D. Ala. 2019), Doc. # 1 at 3. In support of this claim, Knight alleged that his indictment was defective because it "was presented to a grand jury without a formal complaint having been filed with the [trial] court." *Id.* Knight further alleged that "the prosecution failed to allege (or prove) any injury in fact [to the United States] as well as any predicate offense, which would be the 'object of the conspiracy.'" *Id.*

Because Knight's self-described § 2241 petition attacked his conviction and sentence imposed by the Eastern District of Louisiana, this court construed the petition as a motion to vacate under 28 U.S.C. § 2255. *Id.*, Docs. # 3 & 5. And because this court lacked jurisdiction to consider Knight's attack on his conviction and sentence imposed by the Eastern District of Louisiana, this court transferred the § 2255 motion to the Eastern District of Louisiana pursuant to 28 U.S.C. § 1631 in the interest of justice.[2] *Id.* The Eastern District of Louisiana docketed the § 2255 motion in Knight's criminal case, Case

---

[2] Under § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. *See* 28 U.S.C. § 1631.

No. 2:15cr138-BWA-DMD-2 (E.D. La.), and then docketed the motion in a new civil action, Civil Action No. 2:19cv12752-BWA (E.D. La.).  That § 2255 motion remains pending in the Eastern District of Louisiana.

In November 2019, in a second self-described § 2241 petition filed with this court, Knight again attacked his conviction and sentence imposed by the Eastern District of Louisiana, this time claiming that the Eastern District of Louisiana lacked "federal judicial powers [under] Article III, [and,] therefor[e], any judgment entered was without federal authority."  *Knight v. United States*, 2:19cv901-WHA-CSC (M.D. Ala. 2019), Doc. # 1 at 1.  Knight further alleged that the Eastern District of Louisiana "failed to have and hold subject matter jurisdiction, as there was no injury or attack against the 'United States [or] one of its agencies' as outlined in 18 U.S.C. § 371[.]"  *Id.* at 2.

As with Knight's first such § 2241 petition, this court construed Knight's second petition as a § 2255 motion attacking his conviction and sentence, a matter over which this court lacked jurisdiction, and transferred the case to the Eastern District of Louisiana pursuant to § 1631.  *Id.* at 2.  The Eastern District of Louisiana docketed the transferred § 2255 motion in Case No. 2:15cr138-BWA-DMD-2 (E.D. La.) before docketing it in another new civil action, Civil Action No. 2:20cv49-BWA12752-BWA (E.D. La.).  That action is still pending.

<u>Knight's Instant Petition</u>

In his instant self-described § 2241 petition, Knight claims he is "being held for 'offenses against laws of the United States' . . . notwithstanding the fact that petitioner[ ] [was] either charged with offenses allegedly injuring . . . private business partners . . ., or

3

no one." Doc. # 2 at 2. As discussed below, the court finds that Knight's instant petition, like his first two such petitions, attacks his conviction and sentence imposed by the Eastern District of Louisiana, a matter over which this court lacks jurisdiction and something that can be done only through a § 2255 motion pursued in the court of conviction. However, rather than recommending that this action be transferred, in the interest of justice, to the Eastern District of Louisiana, the court concludes that this action should be dismissed outright for lack of jurisdiction.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly brought under §

4

2241 must be filed in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added).  For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Knight's self-described § 2241 habeas petition challenges the legality of his conviction and sentence.  Generally, a federal prisoner must bring any collateral attack on the legality of his convictions or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241.  *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017).  A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Knight's claim challenging his conviction and sentence falls squarely within the realm of injuries that § 2255 addresses.  When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to

vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . .  Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090.  Thus, regardless of the label Knight places on his pleadings, 28 U.S.C. § 2255 remains Knight's exclusive remedy to bring his challenge to his conviction and sentence.  Because he challenges a judgment entered in the Eastern District of Louisiana, any jurisdiction to consider his § 2255 motion lies only with the Eastern District of Louisiana.  *See* 28 U.S.C. § 2255(a).  This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction and sentence imposed by the court for the Eastern District of Louisiana.

Title 28 U.S.C. § 1631 allows a district court to transfer a case over which it lacks jurisdiction if such a transfer is "in the interest of justice."  *See* 28 U.S.C. § 1631.  As discussed above in this Recommendation, this court construed two previous self-described § 2241 petitions filed by Knight as § 2255 motions attacking Knight's conviction and sentence imposed by the Eastern District of Louisiana and, after finding that this court lacked jurisdiction to consider the § 2255 motions, transferred the cases to the Eastern District of Louisiana pursuant to § 1631.  Those § 2255 motions remain pending with the court for the Eastern District of Louisiana.

The Eleventh Circuit has stated that where an original § 2255 motion is still pending, a district court should treat a subsequent § 2255 motion attacking the same conviction as a motion to amend the pending § 2255 motion and not a successive § 2255 motion.  *United States v. Williams*, 185 F. App'x 917, 919 (11th Cir. 2006) ("As their § 2255 motion was

6

still pending, [movant's] subsequent motion should not have been considered a successive § 2255 motion, but instead a motion to amend their § 2255 motion.") (citing *Ching v. United States*, 298 F.3d 174, 177 (2d Cir. 2002)).  Thus, Knight's instant self-described § 2241 is arguably construable as a motion to amend his pending § 2255 motion(s). However, the allowance of an amendment is subject to several considerations, including whether (1) the attempt to amend is made in bad faith, (2) allowing amendment would cause undue prejudice to the opposing party, and (3) amendment would be futile.  *See Rogers v. Nacchio*, 241 F. App'x 602, 610 (11th Cir. 2007).

Knight's instant self-described § 2241 petition presents as its sole claim that the conviction and sentence imposed by the Eastern District of Louisiana are invalid because Knight's offense did not involve injury to United States but instead involved only alleged injuries to "private business partners . . . or no one."  Doc. # 2 at 2.  This same "no injury to the United States" claim was presented by Knight in his two previous self-described § 2241 petitions, and in both cases, this court advised Knight that the claim amounted to an attack on his conviction and sentence that could be brought only in a § 2255 motion and that jurisdiction to consider such a § 2255 motion would lie only with the court of conviction, the Eastern District of Louisiana—where both cases were transferred by this court.  Following the transfers by this court, Knight has two § 2255 motions pending in the Eastern District of Louisiana.  Treating Knight's instant self-described § 2241 petition as an amendment to his pending § 2255 motion(s) would constitute an exercise in futility, when his instant filing does nothing more than reassert a claim contained in the pending § 2255 motions.  Under the circumstances, where "amendment" of Knight's pending

§ 2255 motions with the very same claim contained in those motions would be a futile act, this court finds that the interest of justice does not warrant a § 1631 transfer of the instant petition to the Eastern District of Louisiana.  The interest of justice is better served by dismissal rather than transfer of a duplicative motion to the Eastern District of Louisiana.

Further, because this court has repeatedly explained to Knight (in this action and in his previous actions filed in this court) that his claim may only be presented in a § 2255 motion filed in the Eastern District of Louisiana and that this court lacks jurisdiction to consider an attack on his conviction and sentence imposed by the Eastern District of Louisiana, this court finds that Knight's instant filing is not made in good faith.  *See Trujillo v. Williams,* 465 F.3d 1210, 1233 n.16 (10th Cir. 2006) (factors to consider in deciding whether a transfer under § 1631 is in the interest of justice include whether the claims are made in good faith and whether it was clear at the time of filing that the court lacked the requisite jurisdiction); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Trujillo*). For this reason, too, the court finds that the interest of justice does not warrant a § 1631 transfer of the instant petition.

Finally, the Eleventh Circuit has recognized that a factor in the interest-of-justice analysis is whether the denial of a § 1631 transfer would prevent the litigant from presenting his claim in the proper court.  *See  Guenther v. Holt,* 173 F.3d 1328, 1331 (11th Cir. 1999).  Failure here to transfer Knight's petition to the Eastern District of Louisiana obviously will not prevent Knight from presenting his claim in the proper court.  As noted, Knight currently has two § 2255 motions presenting the same claim pending in the Eastern District of Louisiana.

8

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Knight's self-described § 2241 petition be DISMISSED, because this court is without jurisdiction to consider his challenge to his conviction and sentence imposed by the United States District Court for the Eastern District of Louisiana and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 4, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of February, 2020.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

9